**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**


**MAXUM INDEMNITY COMPANY**                          **CIVIL ACTION**


**VERSUS**                                           **NO:  13-5216**


**AUDIOLOGY LLC**                                    **SECTION: "H"(3)**


<u>**ORDER AND REASONS**</u>

Before the Court is a Motion to Dismiss for lack of subject matter jurisdiction (Doc. 10).  For the following reasons, the Motion is DENIED.


**BACKGROUND**

Plaintiff filed this action for declaratory judgment invoking the Court's diversity jurisdiction. Plaintiff issued a commercial general liability insurance policy to Defendant.  Defendant has been sued in Louisiana state court for alleged violations of the Louisiana Unfair Trade Practices Act. Plaintiff seeks a declaration that the liability insurance policy it issued does not provide coverage

for the suit against Defendant in state court and that Plaintiff has no duty to defend or indemnify Defendant.  Defendant alleges that this court lacks subject matter jurisdiction.

## LAW AND ANALYSIS

Subject matter jurisdiction in this case is allegedly premised upon diversity of citizenship. *See* 28 U.S.C. § 1332.  Cases arising under § 1332 require complete diversity of citizenship and an amount in controversy in excess of $75,000.00.  *Id.*; *Stiftung v. Plains Mktg., L.P.*, 603 F.3d 295, 297 (5th Cir. 2010).  "The concept of complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side."  *McClaughlin v. Mississippi Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004).  In this matter, the burden of proving complete diversity lies with Defendant.  *Getty Oil Corp., a Div. of Texaco, Inc. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988).  To carry this burden, Plaintiff must "distinctly and affirmatively allege [ ] the citizenship of the parties."  *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001) (alteration in original).

In this case, both Plaintiff and Defendant are business entities.  The manner in which a court determines the citizenship of a business entity varies.  A corporation is a citizen of every state in which it is incorporated as well as the state in which its principal place of business is located.  28 U.S.C. § 1332(c)(1).  Unlike corporations, the "citizenship of a LLC is determined by the citizenship of all of its members."  *Harvey v. Grey Wold Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

2

Accordingly, Plaintiff "must list the citizenship of each member of each limited liability company to properly allege diversity of jurisdiction." *Bona Fide Demolition & Recovery, LLC v. Crosby Constr. Co. of Louisiana, Inc.*, No. 07–3115, 2009 WL 413504, at *1 (E.D. La. Feb. 18, 2009); *see also Pyramid Transp., Inc. v. Greatwide Dallas Mavis, LLC*, No. 3:12–CV–0149–D, 2013 WL 840664, at *6 (N.D. Tex. Mar. 7, 2013) ("The citizenship of each member of a limited liability company must be alleged."); *Toney v. Knauf Gips KG*, No. 12–638–JJB–SCR, 2012 WL 5923960, at *1 (M.D. La. Oct. 25, 2012) ("[T]o properly allege the citizenship of a limited liability company . . . the party asserting jurisdiction must identify each of the entity's members . . . and the citizenship of each [member].").

The Complaint alleges that Defendant is a Louisiana LLC with its principle place of business in Louisiana.  In order to properly plead the citizenship of Defendant, Plaintiff must list the identity and citizenship of all of Defendant's members.  Plaintiff will be granted leave to amend its complaint to properly plead the citizenship of Defendant within 15 days of the entry of this order.

As to the question of amount in controversy, Defendant contends that the amount in controversy in this case is less than $75,000.  When determining the amount in controversy for jurisdictional purposes, a court first considers the allegations in the complaint.  *Etheridge v. Piper Aircraft Corp.*, 559 F.2d 1027, 1028 (5th Cir. 1977).  "The amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented."  *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1252–53 (5th Cir. 1998).  "When an insurer seeks a declaratory judgment regarding the coverage provided by an

3

insurance policy, the 'object of the litigation' is the policy and the 'value of the right to be protected' is plaintiff's potential liability under that policy." *Id*. at 1253.  "[T]he jurisdictional amount in controversy is measured by the value of the underlying claim— not the face amount of the policy." *Hartford Ins. Grp. v. Lou-Con Inc.*, 293 F.3d 908, 911 (5th Cir. 2002).

In order to assess the amount in controversy in this case, the Court must consider whether Plaintiff's potential liability under the policy exceeds $75,000.  The answer to that question depends on the value of the claim asserted against Defendant in state court.  If it appears that the value of a potential judgment against Defendant, plus the amount Plaintiff would spend providing a defense to Defendant in state court would exceed $75,000, then the Court has jurisdiction over this action.[1]

The action in state court was filed by Westco Breathalyzers, LLC against Louisiana Interlocks, LLC and Audiology, LLC.  Westco alleges that Louisiana Interlocks is in the business of renting ignition interlock devices.[2]  According to Westco, it entered into a contract with Louisiana Interlocks wherein Westco was the exclusive installer and service provider for interlock devices rented by Louisiana Interlocks.  Westco alleges that it currently holds one hundred service agreements with

---

[1] The policy at issue has a $1 million limit per occurrence.  Neither party contends that the value of this claim approaches the policy limit.

[2] An ignition interlock device is a mechanism installed into the ignition system of a customer's vehicle.  The interlock device requires the operator of the vehicle to breathe into the system prior to the vehicle starting.  If the operator is intoxicated, the interlock device will prevent the vehicle from starting.

Louisiana Interlocks customers.  Westco complains that Louisiana Interlocks and Audiology, LLC conspired to enter into business together to the detriment of Westco and its contracts with Louisiana Interlocks customers.  Louisiana Interlocks allegedly began telling its customers not to use Westco but to use Audiology instead and began referring customers to Audiology despite the contract with Westco.  Westco alleges that it is entitled to monetary damages from Audiology for loss of business income, loss of goodwill, loss of reputation, loss of business opportunities, and mental anguish.  Importantly, Westco claims that it is entitled to triple damages and attorney's fees pursuant to the Louisiana Unfair Trade Practices Act.

In light of these allegations, the Court turns to the question at hand: whether it appears that the value of cause of action against Audiology in state court, plus the cost to defend that action, exceeds $75,000.  The Court has little trouble answering that question in the affirmative.  Westco claims that it lost the business of over one hundred customers.  If the value of each customer is only $250, then the damages for loss of business alone would be $25,000, tripled to $75,000.  Thus, assuming a relatively modest award, the potential liability associated with the state court suit, before attorney's fees, exceeds $75,000.  Accordingly, since Plaintiff would potentially be liable for not only the award, but the attorney's fees of both Plaintiff and Audiology, it appears to the Court that Plaintiff's potential liability for the instant insurance claim exceeds $75,000.

**CONCLUSION**

5

For the forgoing reasons, the Court finds that the amount in controversy requirement is met.  Therefore the Motion to Dismiss is DENIED.  However, Plaintiff has not properly pleaded complete diversity in the Complaint.  Plaintiff shall amend its Notice of Removal within 15 days or this case will be dismissed for lack of subject matter jurisdiction.

New Orleans, Louisiana, this 15th day of July, 2014.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

6