UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MAXUM INDEMNITY COMPANY** | **CIVIL ACTION** |
| **VERSUS** | **NO: 13–5216** |
| **AUDIOLOGY, LLC** | **SECTION: "H"(3)** |

### ORDER AND REASONS

Before the Court is Plaintiff's Motion for Summary Judgment (Doc. 28). For the following reasons, the Motion is GRANTED. The Court will issue declaratory judgment as prayed for in the Complaint.

### BACKGROUND

Plaintiff, an insurance company, issued a commercial general liability insurance policy (the "Policy") to Defendant. Defendant operates a business servicing and installing ignition interlock devices.[1] On January 28, 2013,

---

[1] An ignition interlock device is a mechanism installed into the ignition system of an automobile. The interlock device requires the operator of the vehicle to breathe into the device before starting the vehicle. If the operator is intoxicated, the interlock device will prevent the vehicle from starting.

1

Defendant was sued in Louisiana state court by Westco Breathalyzers, LLC ("Louisiana Suit"). In the suit, Westco claims that it entered into a contract with Louisiana Interlocks, LLC which provided that Westco was the exclusive installer and service provider for interlock devices rented by Louisiana Interlocks to various individuals. Westco alleges that it holds one hundred service agreements with Louisiana Interlocks' customers.

The suit alleges that Louisiana Interlocks improperly terminated the exclusive contract and informed its customers that Defendant was the new servicer of the interlock devices. Westco claims that, prior to terminating the contract, Louisiana Interlocks began referring customers to Defendant and that Defendant falsely represented that it was affiliated with Westco. Eventually, Louisiana Interlocks contacted its customers and informed them that Defendant was replacing Westco as the servicer of the devices. The suit seeks damages from Defendant for (1) making false representations to Westco's clients, (2) violating the Louisiana Unfair Trade Practices Act, (3) violating Louisiana's antitrust laws, and (4) intentionally interfering with Westco's contracts.

After Defendant was sued, Plaintiff filed the instant action seeking a judgment that the Policy does not provide Defendant with defense or indemnity for the Louisiana Suit. Plaintiff now seeks summary judgment.

**LEGAL STANDARD**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show

that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[2] A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[3]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[4] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[5] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[6] "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[7]  "We do not . . . in the absence of any proof, assume

---

[2] Fed. R. Civ. P. 56(c) (2012).

[3] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[4] *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528 (5th Cir. 1997).

[5] *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995).

[6] *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

[7] *John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).

that the nonmoving party could or would prove the necessary facts."[8] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[9]

## LAW AND ANALYSIS

Defendant has not opposed this Motion.  This does not, however, mean that the Court may grant the Motion as unopposed.  Rather, the Fifth Circuit approaches the automatic grant of dispositive motions with considerable aversion.[10]  Accordingly, the Court has carefully considered this Motion.

In this diversity case, Louisiana law controls.[11]  Louisiana law governing the interpretation of insurance contracts is well settled. "An insurance policy is a contract between the parties and should be construed by using the general rules of interpretation of contracts set forth in the Louisiana Civil Code."[12] "When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent."[13] "An insurance policy should not be interpreted in an unreasonable or

---

[8] *Badon v. R J R Nabisco, Inc.*, 224 F.3d 382, 394 (5th Cir. 2000) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).

[9] *Boudreaux v. Banctec, Inc.*, 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

[10] *See, e.g., Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc.*, 702 F.3d 794, 806 (5th Cir. 2012) ("[The] failure to oppose a 12(b)(6) motion is not in itself grounds for granting the motion.  Rather, a court assesses the legal sufficiency of the complaint."); *Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006) (per curiam); *John v. State of La. (Bd. of Trs. for State Colls. & Univs.)*, 757 F.2d 698, 709 (5th Cir. 1985).

[11] *Seacor Holdings, Inc. v. Commonwealth Ins. Co.*, 635 F.3d 675, 681 (5th Cir. 2011).

[12] *Mayo v. State Farm Mut. Auto. Ins. Co.*, 869 So. 2d 96, 99 (La. 2004).

[13] La. Civ. Code art. 2046.

4

a strained manner so as to enlarge or to restrict its provisions beyond what is reasonably contemplated by its terms or so as to achieve an absurd conclusion."[14] "The rules of construction do not authorize a perversion of the words or the exercise of inventive powers to create an ambiguity where none exists or the making of a new contract when the terms express with sufficient clarity the parties' intent."[15]  "The determination of whether a contract is clear or ambiguous is a question of law."[16]

When determining whether an insurance company has a duty to defend a suit against its insured, Louisiana courts apply the so-called "eight corners rule."[17] Under this rule, the court looks only to the four corners of the petition and the four corners of the insurance policy.[18] An insurer has a duty to defend against the suit if, assuming all allegations in the petition to be true, there would be both liability to the plaintiff and coverage under the policy.[19] "An [insurer's] duty to defend arises whenever the pleadings against the insured disclose even a possibility of liability under the policy."[20]

The Court has reviewed both the petition in the Louisiana Suit and the Policy and finds that the Policy contains no provision that could conceivably provide coverage for the damages alleged in the Suit. Generally, there are two

---

[14] *Carrier v. Reliance Ins. Co.*, 759 So. 2d 37, 43 (La. 2000).

[15] *Mayo*, 869 So. 2d at 99–100.

[16] *Cadwallader*, 848 So.2d at 580.

[17] *Vaughn v. Franklin*, 785 So. 2d 79, 84 (La. Ct. App. 1 Cir. 2001).

[18] *Id. (*citing *Am. Home Assur. Co. v. Czarniecki*, 230 So. 2d 253, 259 (La. 1969)).

[19] *Id.*

[20] *Steptore v. Masco Const. Co.*, 643 So. 2d 1213, 1218 (La. 1994).

5

types of coverage offered by the Policy: (1) personal injury and property damage, and (2) personal and advertising injury. There are no allegations that would support coverage under the first type.[21] The Louisiana Suit does not allege that Westco sustained any personal injuries or damage to any tangible property as a result of Defendant's alleged conduct. Rather, the Suit alleges that Westco has sustained loss of business revenue, loss of goodwill, and other intangible damages. Accordingly, the personal injury and property damage coverage does not apply to the Louisiana Suit.

Additionally, the Louisiana Suit does not contain any allegations that would support coverage for personal and advertising injury. The Policy provides coverage for "those sums that the insured becomes legally obligated to pay as damages because of 'personal and advertising injury' to which this insurance applies."[22] The Policy further defines "personal and advertising injury" as

> [I]njury, including consequential "bodily injury", arising out of one or more of the following offenses:
> a. False arrest, detention or imprisonment;
> b. Malicious prosecution;
> c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;
> d. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

---

[21] Indeed, the Complaint and the Motion focus exclusively on personal and advertising injury coverage.

[22] Doc. 28-6, p. 19.

6

> e. Oral or written publication, in any manner, of material that violates a person's right of privacy;
> f. The use of another's advertising idea in your "advertisement"; or
> g. Infringing upon another's copyright, trade dress or slogan in your "advertisement."[23]

The Louisiana Suit asserts claims against Defendant for fraud, unfair trade practices, antitrust violations, and intentional interference with contract. None of those claims fall within the definition of personal and advertising injury.

The Court's conclusion today is similar to that reached by a Louisiana court in *KLL Consultants, Inc. v. Aetna Casualty & Surety Company of Illinois*.[24] In that case, KLL sought defense and indemnity from Aetna for allegations made in a Mississippi lawsuit.[25] The Mississippi suit alleged that KLL had intentionally interfered with another company's attempts to procure a professional services contract from a state agency.[26] The Aetna policy at issue contained a provision extending personal and advertising injury coverage that is nearly identical to the one present in this case. The *KLL* court examined the policy and held:

> The language of the policy is clear. In order to be entitled to coverage for business offenses under Coverage B of the Commercial Liability Policy under the 'Advertising injury', there must be an allegation of libel, slander, or disparagement of a person or

---

[23] *Id.* at 27.

[24] 738 So. 2d 691, 696 (La. Ct. App. 5 Cir. 1999).

[25] *Id.* at 693–94.

[26] *Id.*

7

organization or of its goods, products or services, a violation of [the Mississippi plaintiff's] right to privacy, misappropriation of advertising ideas or style of doing business or infringement of a copyright, title or slogan. Under 'Personal Injury', the petition must allege false arrest, malicious prosecution, wrongful eviction, slander or libel, or a violation of [the Mississippi plaintiff's] right to privacy. This petition does not allege any of those acts and the courts cannot read any into the policy. Since there are no such allegations in the [the Mississippi plaintiff's] petition, we find that this policy unambiguously excludes coverage.[27]

Like the petition at issue in *KLL*, the petition in the Louisiana Suit does not allege any acts that are entitled to coverage under the Policy. Accordingly, the Court finds that the Plaintiff does not owe Defendant either defense or indemnity for the allegations in the Suit.

## CONCLUSION

For the foregoing reasons, the Motion is GRANTED. The Court will enter final judgment in favor of Plaintiff.

New Orleans, Louisiana, this 8th day of January, 2015.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[27] *Id.* at 696.

8